UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SATISFIED BRAKE PRODUCTS, INC. | ) | Case No. 11-51427 |
| | ) | |
| | ) | |
| Debtor in a Foreign Proceeding | ) | CHAPTER 15 |
| | ) | |
| | ) | |
| | ) | |

### APPLICATION FOR PROVISIONAL RELIEF PENDING
### RECOGNITION OF A FOREIGN MAIN PROCEEDING

Comes Satisfied Brake Products, Inc. ("Foreign Debtor"), by and through Noubar Boyadjian, of Litwin Boyadjian, Inc., who is the Trustee and "foreign representative" defined in 11 U.S.C. § 101(24) (the "Foreign Representative"), and pursuant to 11 U.S.C. §§ 105(a), 1504, 1515, 1517 and 1519, hereby applies for entry of an order granting the provisional relief described herein.

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(2) because the debtor does not have a place of business or assets in the United States, but there is a pending Kentucky Litigation case against Foreign Debtor in the United States District Court for the Eastern District of Kentucky styled: *Brake Parts, Inc., v. David Lewis, Satisfied Brake Products, Inc. and Robert Kahan*, Case no. 09-CV-132-KSF, in the United States District Court for the Eastern District of Kentucky (the "Kentucky Litigation").[1]

---

[1] Contemporaneously with this filing, the Kentucky District Court authorized the Plaintiff to file a Second Amended Complaint, which would add the following as defendants:  Brakes and Mortar, Inc.; 139320

2.  A description of the Foreign Debtor and the Foreign Main Proceeding are set out in the Statement in Support of Petition for Entry of an Order Recognizing Foreign Main Proceeding and Application for Provisional Relief filed contemporaneously herewith.  All information set out therein, including capitalized terms not otherwise defined herein, is adopted in support of the relief requested herein.

3.  In furtherance of the duties of the Foreign Representative in the Foreign Main Proceeding, the Foreign Representative seeks immediate entry of an order granting provisional relief staying continuing actions in, and execution against, the Foreign Debtor related to, the Kentucky Litigation.

4.  The relief requested is expressly allowed by 11 U.S.C. § 1519(a).  Section 1519(a) provides:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including –
>
> (1)  staying execution against the debtor's assets;
>
> (2)  entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3)  any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

5.  The primary relief requested is consistent with the immediate application of the automatic stay pursuant to 11 U.S.C. § 362 to this proceeding.  The Kentucky

---

Canada, Inc.; 2149-5460 Quebec, Inc.; 7343868 Canada, Inc.; 2930587 Canada, Inc., Stewart Kahan and Ken Schouten.

Litigation is ongoing, and the plaintiff is actively pursuing the case to the detriment of other creditors in the Foreign Main Proceeding.

6. This relief is needed because action is or may occur in the Kentucky Litigation that would disrupt the organized distribution and dissolution process that the Foreign Representative is undertaking in the Foreign Main Proceeding. The automatic stay grants the breathing room necessary to conduct an orderly review of the Foreign Debtor's affairs, presentation of a proposal to creditors and distribution of assets. The best way to assure an economical, expeditious and equitable administration of the Foreign Debtor's estate is to provide the benefit of the automatic stay through the chapter 15 process.

7. The Kentucky Litigation is also a distraction to the Foreign Representative and prevents the prompt and efficient performance of the duties required in the Foreign Main Proceeding. The Foreign Representative has only approximately two more months to present a proposal in the Foreign Main Proceeding and must focus on those issues. Further, the Kentucky Litigation is a drain on the Foreign Debtor's limited resources.

8. This request is reasonable because the automatic stay will apply upon recognition of the Foreign Main Proceeding as a "foreign main proceeding" in this chapter 15 case. 11 U.S.C. § 1520(a)(1). Therefore, this request only seeks to accelerate the relief for a brief period of time.

9. As required by 11 U.S.C. § 1519(e), "the standards, procedures, and limitations applicable to an injunction" are satisfied in this proceeding. Generally, a plaintiff seeking a preliminary injunction or temporary restraining order must show (a) that it is likely to suffer irreparable and imminent harm if temporary injunctive relief is

3

not granted and (b) either (i) a likelihood of success on the merits or (ii) a balance of the hardships in favor of the Foreign Debtor and Foreign Representative. *See Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

10. For the reasons stated above, if the relief is not granted, the Foreign Debtor, the Foreign Representative and the creditors of the Foreign Debtor's estate will suffer irreparable harm because action may occur that will result in inequitable results for creditors. Further, the Foreign Debtor and Foreign Representative are likely to succeed, because the relief requested is what will occur upon recognition of the Foreign Main Proceeding anyway. As already described, the Foreign Main Proceeding is a "foreign main proceeding" under Chapter 15, and the Foreign Debtor is entitled to the relief under 11 U.S.C. § 1520. *See supra* and Statement.

11. It is also clear that there is no hardship on the plaintiff in the Kentucky Litigation, again because the stay will arise when the Foreign Main Proceeding is recognized anyway. The relief requested only briefly accelerates the relief that is anticipated upon recognition of the Foreign Main Proceeding.

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an order granting provisional relief, and for such all other relief to which Foreign Representative is entitled.

Respectfully submitted,

*/s/ Gregory R. Schaaf*
Gregory R. Schaaf
GREENEBAUM DOLL & MCDONALD PLLC
300 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 288-4629
Facsimile: (859) 367-3877
**COUNSEL FOR FOREIGN REPRESENTATIVE**

## NOTICE OF HEARING

NOTICE IS GIVEN that the foregoing Motion will be brought on for hearing before the United States Bankruptcy Court, Eastern District of Kentucky, 100 East Vine Street, 2nd Floor Courtroom, Lexington, Kentucky on May 19, 2011 at 10:15 a.m. or as soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Notice was served on the May 16, 2011, to all parties entitled to CM/ECF notice and the following listed parties.

Brake Parts, Inc. (Plaintiff)
c/o Barry B. Hunter
Frost Brown Todd
Lexington Financial Center
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749

Michael D. Wexler
Jason P. Steihl
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

5

Robert Kahan (co-Defendant)
Satisfied Brake Products, Inc.
9060 Ryan
Dorval, Quebec  H9P2M8
Canada

                                            */s/ Gregory R. Schaaf*
                                            COUNSEL FOR FOREIGN
                                            REPRESENTATIVE

4350386_1.doc