UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SATISFIED BRAKE PRODUCTS, INC. | ) | Case No. 11-51427 |
| | ) | |
| | ) | |
| Debtor in a Foreign Proceeding | ) | CHAPTER 15 |
| | ) | |
| | ) | |
| | ) | |

**APPLICATION FOR PROVISIONAL RELIEF PENDING
RECOGNITION OF A FOREIGN MAIN PROCEEDING AND ADOPTION OF
GUIDELINES FOR COURT-TO-COURT COMMUNICATIONS**

Comes Satisfied Brake Products, Inc. ("Foreign Debtor"), by and through Noubar Boyadjian, representative of Litwin Boyadjian, Inc., the Trustee and "foreign representative" defined in 11 U.S.C. § 101(24) (the "Foreign Representative"), and pursuant to 11 U.S.C. §§ 105(a), 1504, 1515, 1517 and 1520, hereby applies for entry of an order recognizing the Foreign Main Proceeding and adoption of the Guidelines (terms hereafter defined). In support thereof, the Foreign Representative, through counsel, provides:

Foreign Main Proceeding

1.  Foreign Debtor is subject to an insolvency proceeding filed on January 10, 2011 in Canada pursuant to section 50.4(1) of the Bankruptcy and Insolvency Act (Canada) R.S.C. 1985 c. B-3 (the "Foreign Main Proceeding"). The Foreign Main Proceeding is styled *In Re the Matter of Satisfied Brakes Inc. (Debtor) and Litwin Boyadjian Inc. Trustee*, Superior Court, Province of Quebec, District of Montreal, Bankruptcy Division, Court Number 500-11-040128-114, Superintendant Number 41-

1449455, File number 1101002.

2.  The Foreign Representative directs the Court to the following information in support of recognition of the Foreign Main Proceeding: (i) Petition; (ii) the Statement in Support of Petition for Entry of an Order Recognizing Foreign Main Proceeding and Application for Provisional Relief [Doc. no. 2] ("Statement in Support"); (iii) Application for Provisional Relief Pending Recognition of a Foreign Main Proceeding and the proposed order filed contemporaneously herewith; and (iv) the record in this proceeding as it develops prior to grant of the requested relief.

Recognition of the Foreign Main Proceeding

3.  An Order granting recognition "shall be entered" after notice and a hearing if:

    a.  The matter fits the definition of a "foreign main proceeding";

    b.  The Foreign Representative is a person or body; and

    c.  The petition satisfies § 1515.

11 U.S.C. § 1517(a).

4.  § 1517(a)(1). The Foreign Main Proceeding qualifies as a "foreign main proceeding" because it is "a foreign proceeding pending in the country where the debtor has the center of its main interests" (i.e., Canada). 11 U.S.C. § 1502(4); *see also* Statement in Support. This is also consistent with 11 § 1517(b), which provides: "Such foreign proceeding shall be recognized--(1) as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests … ." *See* Statement in Support.

5.  § 1517(c)(2). The Foreign Representative is a trustee regularly practicing

in the Canadian bankruptcy system.  *See* Statement in Support.

    6.    <u>§ 1517(a)(3)</u>.  Section 1515 of the Bankruptcy Code provides:

> (a) A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.
> (b) A petition for recognition shall be accompanied by--
>     (1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
>     (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
>     (3) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.
> (c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.
> (d) The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.

11 U.S.C. § 1515.

    7.    The Foreign Representative complied with part (a) of § 1515 by filing the Chapter 15 petition.  As evidenced by the Statement in Support, parts (b)-(d) of § 1515 are also satisfied.

    8.    The Foreign Debtor and Foreign Representative are also entitled to the benefit of the presumptions in 11 U.S.C. § 1516.

    9.    Based on this review, the Foreign Representative seeks recognition of the Foreign Main Proceeding.

<u>Adoption of the Communications Guidelines</u>

    10.    The Court is also asked to adopt the Guidelines for Court to Court Communications in Cross Border Proceedings (the "Guidelines"), a copy of which are attached hereto.

3

11. A similar request is being made by the Foreign Representative in the Foreign Main Proceeding. The Foreign Representative is not sure whether the courts will ever need to use the Guidelines, but it is recommended that courts adopt the Guidelines before use. Guideline 1, p. 3. Therefore, the request is a precautionary step to avoid delays or problems in the future.

12. The forewards and the Judicial Preface to the Guidelines provide an explanation thereof and the benefit to adopting them in a Chapter 15 case. In this proceeding, adoption of the Guidelines may assist the Foreign Representative with a determination of how the Foreign Debtor should deal with the inventory subject to injunction. *See* Statement in Support.

WHEREFORE, the Foreign Representative respectfully requests that this Court enter the attached order recognizing the Foreign Main Proceeding as a foreign main proceeding under Chapter 15 adopt the Guidelines and grant such other relief to which the Foreign Representative is entitled.

    Respectfully submitted,

/s/ *Gregory R. Schaaf*
Gregory R. Schaaf
GREENEBAUM DOLL & MCDONALD PLLC
300 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 288-4629
Facsimile: (859) 367-3877
**COUNSEL FOR FOREIGN REPRESENTATIVE**

## NOTICE OF HEARING

Foreign Representative requests the Court to set an expedited hearing date for the relief requested herein.

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Notice was served on the 16th day of May, 2011, to all parties entitled to CM/ECF notice and the following listed parties.

Brake Parts, Inc. (Plaintiff)
c/o Barry B. Hunter
Frost Brown Todd
Lexington Financial Center
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749

Michael D. Wexler
Jason P. Steihl
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

Robert Kahan (co-Defendant)
Satisfied Brake Products, Inc.
9060 Ryan
Dorval, Quebec  H9P2M8
Canada

/s/ Gregory R. Schaaf
COUNSEL FOR FOREIGN
REPRESENTATIVE

4386863_1.doc